UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : **INDICTMENT**

- v. - : **20 Cr.**

SHERZOD RASULOV,
ARTUR SATTAROV,
SHAKHZOD YUNUSOV,
SUKHROB SOBIROV,
and DJONIBEK RAHMANKULOV,

Defendants.

- - - - - - - - - - - - - - - - - - - - x

20 CRIM 653

**COUNT ONE**
**(Conspiracy to Operate an Unlicensed Money Transmitting Business)**

The Grand Jury charges:

1. From at least in or about November 2018, up to and including at least in or about September 2020, in the Southern District of New York and elsewhere, SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB SOBIROV, and DJONIBEK RAHMANKULOV, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

2. It was a part and an object of the conspiracy that SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB

SOBIROV, and DJONIBEK RAHMANKULOV, the defendants, and others known and unknown, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, which (a) was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor and a felony under State law, and (b) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, to wit, RASULOV, SATTAROV, YUNUSOV, SOBIROV, and RAHMANKULOV used companies they owned and controlled in Brooklyn, New York, to transmit money from, through, and out of the United States, including money transmitted through the Southern District of New York, without an appropriate state license, which conduct was punishable as a misdemeanor under New York law, and without meeting the Federal registration requirements set forth for money transmitting businesses.

Overt Acts

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a. On or about February 24, 2020, SHERZOD RASULOV, the defendant, exchanged Whatsapp messages with a person in Manhattan, New York, to arrange a transfer of $30,000 in cash.

b. On or about February 26, 2020, ARTUR SATTAROV, the defendant, sent a wire transfer of $18,000 to a bank account held in Manhattan, New York.

c. On or about March 5, 2020, SHAKHZOD YUNUSOV, the defendant, entered a bank branch in Manhattan, New York, and transferred $31,360 from one bank account to another.

d. On or about July 28, 2020, SUKHROB SOBIROV, the defendant, picked up $80,000 in cash at a location in Manhattan, New York.

e. On or about July 29, 2020, DJONIBEK RAHMANKULOV, the defendant, deposited approximately nine checks payable to a bank account held in Manhattan, New York, totaling approximately $198,765 in deposits.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

4. From at least in or about November 2018, up to and including in or about September 2020, in the Southern District of New York and elsewhere, SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB SOBIROV, and DJONIBEK RAHMANKULOV, the

defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i).

5. It was a part and an object of the conspiracy that SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB SOBIROV, and DJONIBEK RAHMANKULOV, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) mail fraud, in violation of Title 18, United States Code, Section 1341, (ii) wire fraud, in violation of Title 18, United States Code, Section 1343; and (iii) health care fraud, in violation of Title 18, United States Code, Section 1347, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6. It was further a part and an object of the conspiracy that SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB SOBIROV, and DJONIBEK RAHMANKULOV, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: (i) mail fraud, in violation of Title 18, United States Code, Section 1341, (ii) wire fraud, in violation of Title 18, United States Code, Section 1343; and (iii) health care fraud, in violation of Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i)

(Title 18, United States Code, Section 1956(h).)

**COUNT THREE**
**(Bank Fraud)**

The Grand Jury further charges:

7. From at least in or about September 2019 up to and including in or about August 2020, in the Southern District of New York and elsewhere, ARTUR SATTAROV, the defendant, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, to wit, SATTAROV knowingly made, and aided and abetted the making of, material misrepresentations to a federally insured financial institution and others in order to deceive that financial institution into allowing companies operated by SATTAROV to operate and process financial transactions through the institution, including financial transactions passing through the Southern District of New York, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institution.

(Title 18, United States Code, Sections 1344 & 2.)

**COUNT FOUR**
**(Bank Fraud)**

The Grand Jury further charges:

8. From at least in or about November 2018 up to and including in or about August 2020, in the Southern District of

New York and elsewhere, SHAKHZOD YUNUSOV, the defendant, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, to wit, YUNUSOV knowingly made, and aided and abetted the making of, material misrepresentations to a federally insured financial institution and others in order to deceive that financial institution into allowing companies operated by YUNUSOV to operate and process financial transactions through the institution, including financial transactions passing through the Southern District of New York, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institution.

(Title 18, United States Code, Sections 1344 & 2.)

**COUNT FIVE**
**(Bank Fraud)**

The Grand Jury further charges:

9. From at least in or about February 2020 up to and including in or about September 2020, in the Southern District of New York and elsewhere, DJONIBEK RAHMANKULOV, the defendant, did knowingly execute and attempt to execute a scheme and

artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, to wit, RAHMANKULOV knowingly made, and aided and abetted the making of, material misrepresentations to a federally insured financial institution and others in order to deceive that financial institution into allowing companies operated by RAHMANKULOV to operate and process financial transactions through the institution, including financial transactions passing through the Southern District of New York, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institution.

(Title 18, United States Code, Sections 1344 & 2.)

**COUNT SIX**
**(Conspiracy to Corruptly Influence a Bank Officer)**

The Grand Jury further charges:

10. From at least in or about July 2020 up to and including August 2020, in the Southern District of New York and elsewhere, SUKHROB SOBIROV, the defendant, and others known and unknown, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to commit

offenses against the United States, to wit, to violate Title 18, United States Code, Section 215(a)(1).

11. It was a part and object of the conspiracy that SUKHROB SOBIROV, the defendant, and others known and unknown, would and did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and reward an officer, director, employee, agent, and attorney of a financial institution, in connection with a business and transaction of such institution, in violation of Title 18, United States Code, Section 215(a)(1).

Overt Act

12. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

a. On or about August 11, 2020, SUKHROB SOBIROV, the defendant, delivered $10,000 to a person believed by SOBIROV to be an employee of a financial institution at a location in Manhattan, New York.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS**

13. As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, SHERZOD RASULOV, ARTUR SATTAROV, SHAKHZOD YUNUSOV, SUKHROB SOBIROV, and

DJONIBEK RAHMANKULOV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and the following specific property:

a. All monies and funds contained in or traceable to TD Bank, N.A. account 4368405001, held in the name of "Lyfe Marketing Partners, Inc.";

b. All monies and funds contained in or traceable to TD Bank, N.A. account 4378018513, held in the name of "NY Consulting Management Corp.";

c. All monies and funds contained in or traceable to TD Bank, N.A. account 4368928251, held in the name of "Day and Night Sales USA Inc.";

d. All monies and funds contained in or traceable to TD Bank, N.A. account 438241750, held in the name of "A2B Transportation, Inc.";

e. All monies and funds contained in or traceable to JP Morgan Chase Bank, N.A. account 508569826, held in the name of "Boulevard 9229 LLC";

f. All monies and funds contained in or traceable to

JPMorgan Chase Bank, N.A. account 907029628, held in the name of "Chaykhana I, Inc";

g. All monies and funds contained in or traceable to JPMorgan Chase Bank, N.A. account 625601593, held in the name of "EZ Seven Wholesale Inc"; and

h. All monies and funds contained in or traceable to Capital One Bank, N.A. account 7528952671, held in the name of "Rego Rx Pharmacy."

14. As a result of committing the offense alleged in Count Three of this Indictment, ARTUR SATTAROV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds treaceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

15. As a result of committing the offense alleged in Count Four of this Indictment, SHAKHZOD YUNUSOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds treaceable to the

commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

16. As a result of committing the offense alleged in Count Five of this Indictment, DJONIBEK RAHMANKULOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds treaceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a. All monies and funds contained in or traceable to TD Bank, N.A. account 4378018513, held in the name of "NY Consulting Management Corp."; and

b. All monies and funds contained in or traceable to JPMorgan Chase Bank, N.A. account 625601593, held in the name of "EZ Seven Wholesale Inc."

**SUBSTITUTE ASSET PROVISION**

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

SHERZOD RASULOV,
ARTUR SATTAROV,
SHAKHZOD YUNUSOV,
SUKHROB SOBIROV, and
DJONIBEK RAHMANKULOV,

Defendants.

---

**INDICTMENT**

20 Cr.

(18 U.S.C. §§ 371, 1344, 1956, and 2.)

AUDREY STRAUSS
Acting United States Attorney

Foreperson

---

12/03/20
Indictment Filed
Warrant B - DJ Abrams
USMJ