```
Kcgdrasc
                          Arraignment
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,                New York, N.Y.

            v.                           20 Cr. 0653(RA)

SHERZOD RASULOV, ARTHUR
SATTAROV, SHAKHZOD YUNUSOV,
SUKHROB SOBIROV and DJONIBEK
RAHMANKULOV,

            Defendants.
------------------------------x
                                         December 16, 2020
                                         2:30 p.m.
Before:
                       HON. RONNIE ABRAMS,

                                         District Judge

            APPEARANCES (via Skype videoconference)

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
BY:  CECILIA VOGEL
          Assistant United States Attorney

SHARIFOV and ASSOCIATES, PLLC
     Attorneys for Defendant Sherzod Rasulov
BY:  ROVSHAN CHINGIZ SHARIFOV

ALBERT YUKHANAN DAYAN
     Attorney for Defendant Arthur Sattarov

LAW OFFICE OF MICHAEL T. MULLEN
     Attorneys for Defendant Shakhzod Yunusov
BY:  MICHAEL THOMAS MULLEN

JASON MITCHELL BAXTER
     Attorney for Defendant Sukhrob Sobirov

JOSEPH WILLIAM MURRAY
     Attorney for Defendant Djonibek Rahmankulov

          - also present -

Nelly Alishaev, Russian Language Interpreter.
```

Kcgdrasc
Arraignment

1   (Videoconference initiated)

2   THE COURT:  Good afternoon, everyone.  This is Judge
3   Abrams.

4   A VOICE:  Good afternoon, your Honor.

5   THE COURT:  Ms. Cavale, are we ready to begin on U.S.
6   versus Rasulov?

7   THE CLERK:  Yes, Judge, I believe so.  I just want to
8   confirm with defense counsel that all your clients are now in
9   connection with the interpreter?

10   UNIDENTIFIED SPEAKER:  My client is connected, yes.
11   He is on the phone.

12   THE CLERK:  OK, great.

13   Yes, Judge.  We're ready to get started.

14   In the matter of the United States of America versus
15   Rasulov, et al., docket number 20 Crim. 653.

16   Counsel, please state your names for the record.

17   MR. SHARIFOV:  Rovshan Sharifov for Mr. Sherzod
18   Rasulov.

19   THE COURT:  Good afternoon.

20   MR. DAYAN:  Good afternoon, Judge.  Albert Dayan for
21   Mr. Sattarov.

22   THE COURT:  Good afternoon, Mr. Dayan.

23   MR. MURRAY:  Good afternoon, everyone.  This is Joseph
24   Murray for Djonibek Rahmankulov.

25   THE COURT:  Good afternoon.

MR. MULLEN:  This is Michael Mullen for Mr. Yunusov. Good afternoon, Judge.

THE COURT:  Good afternoon.

MR. MULLEN:  Good afternoon.  This is Jason Baxter for Sukhrob Sobirov.

THE COURT:  Good afternoon.

MS. VOGEL:  And good afternoon, your Honor.  You have Cecilia Vogel here for the government.

THE COURT:  All right.  Good afternoon to you, too, as well.

Just give me one moment, please.

So I want to start by reminding everyone that this is a public proceeding.  Members of the public and the press are able to access the proceeding through the public call-in number.

All participants are reminded that any recording or rebroadcasting of any portion of this proceeding is prohibited.

So, we're here for an arraignment and an initial conference.  We are, of course, in the middle of the COVID-19 pandemic and thus conducting this proceeding remotely pursuant to the authority provided by Section 15002 of the CARES Act and the standing orders issued by our Chief Judge pursuant to that Act.

I'm proceeding by video conference, as are counsel.  I cannot -- I can't see where the defendants are.  Are each of

the defendants participating by video?  By phone?  I know that we have a number of interpreters, but I'd actually like to see each of the individuals, even if they speak through an interpreter.

         MR. SHARIFOV:  Judge, my client is sitting right next to me, Sherod Rasulov, to my right.

         THE COURT:  All right.  I can see him.  Thank you.

         MR. MULLEN:  Judge this is attorney Michael Mullen for Mr. Yunusov, who is also right next to me in the same room as well.

         THE COURT:  All right.  Thank you.

         MR. DAYAN:  Judge, Albert Dayan for Mr. Sattarov, and Mr. Sattarov is immediately to my side.  My right.  I don't know if it appears to my right or to your left.

         THE COURT:  I can see him now.  Thank you.

         So, Mr. Sobirov.

         MR. BAXTER:  Yes, your Honor.  My client is on the Skype meeting as well.

         THE COURT:  OK.  All right.

         And, finally, Mr. Rahmankulov.

         MR. MURRAY:  Yes, your Honor.  He is sitting right beside me.  I hope he is in view of the camera.

         THE COURT:  Yes.  OK.  All right.  Thank you.

         So the first thing that we need to do is I want to ensure that each of the defendants have agreed to waive their

right to have this proceeding in person.  So what I would like to do is hear briefly from each attorney as to the process by which you discussed with your client his right to be present and his knowing and voluntary waiver of that right.  So, we're going to have to do that one by one.

MR. SHARIFOV:  Rovshan Sharifov, appearing for Sherzod Rasulov, Judge.  I had discussions over the phone with my client as well as in-person discussions, and my client agreed to waive it.

THE COURT:  All right.  Is that right, Mr. Rasulov?  Do you understand you have a right to have this proceeding in person but you can choose to proceed by video today?

DEFENDANT RASULOV:  Yes.

THE COURT:  All right.  Thank you.

All right.  Next, what about Mr. Sattarov?

MR. DAYAN:  I have also conferred with Mr. Sattarov, and he has consented to conduct this initial appearance -- I mean, this appearance and hereafter, if necessary, by way of Skype and not in person.

THE COURT:  All right.  And I would like to hear from Mr. Sattarov as well.

Is that correct?

DEFENDANT SATTAROV:  Yes, it is.

THE COURT:  All right.  Next, Mr. Yunusov.

MR. MULLEN:  Judge, this is Michael Mullen again.

1    I've also had several conversations with my client, and he has
2    agreed to make this appearance virtually and to waive an
3    in-person appearance, and he can confirm that for your Honor as
4    well.
5              DEFENDANT YUNUSOV:  Yes.
6              THE COURT:  Is that correct, Mr. Yunusov?  Yes?
7              DEFENDANT YUNUSOV:  Yes.
8              THE COURT:  OK.  All right.
9              Now, Mr. Sobirov.
10             MR. BAXTER:  Yes, your Honor.  I've discussed it with
11   my client, and he's also agreed to waive his appearance in
12   person and to proceed by video conference.
13             THE COURT:  Is that correct, Mr. Sobirov?
14             DEFENDANT SOBIROV:  Yes.
15             THE COURT:  All right.
16             And, lastly, Mr. Rahmankulov?
17             MR. MURRAY:  Yes, your Honor.  This is Joseph Murray.
18             I have discussed this with my client, and he is
19   waiving his right to an in-person appearance for this and
20   future appearances.  He has decided (inaudible) --
21             THE COURT:  All right.  OK.  So I signed -- and I
22   would just like to hear from you, Mr. Rahmankulov.  Is that
23   correct?
24             DEENDANT RAHMANKULOV:  Yes, that's correct.
25             THE COURT:  All right.  Thank you.

Kcgdrasc
                          Arraignment

So I find a knowing and voluntary waiver of the right to be physically present for this arraignment and initial conference has been made by each of the five defendants. I also find that today's proceeding cannot be further delayed without serious harm to the interests of justice because of the dangerous conditions due to the pandemic and the need to proceed with this case.

All right. Now, we're here to arraign each of you on the Indictment. It is number 20 Crim. 653. It was filed on December 3rd. The Indictment charges all of the defendants with Count One, conspiracy to operate an unlicensed money transmitting business and Count Two, conspiracy to commit money laundering. Defendant Sattarov is also charged with Count Three, bank fraud. Defendant Yunusov is also charged with Count Four, bank fraud. And defendant Rahmankulov is also charged with Count Five, bank fraud. And defendant Sobirov is also charged in Count Six, conspiracy to corruptly influence a bank officer. The Indictment also has a forfeiture allegation.

So now I'm going to ask four questions of each of the defendants one by one. We'll start, again, with Mr. Rasulov.

Have you seen a copy of the Indictment, the charges?

DEFENDANT RASULOV:  Yes.

THE COURT:  Have you discussed them with your attorney?

DEFENDANT RASULOV:  Yes.

```
             Kcgdrasc
                              Arraignment
 1                THE COURT:  Would you like me to read the Indictment
 2    out loud, or do you waive its public reading?
 3                DEFENDANT RASULOV:  I waive my rights.
 4                THE COURT:  All right, you waive.
 5                And how do you plead to the charges?
 6                DEFENDANT RASULOV:  I'm not guilty.
 7                THE COURT:  All right.  Now, Mr. Sattarov, have you
 8    seen a copy of the Indictment?
 9                DEFENDANT SATTAROV:  Yes, I did.
10                THE COURT:  Have you discussed it with your attorney?
11                DEFENDANT SATTAROV:  Yes.
12                THE COURT:  Would you like me to read it out loud, or
13    do you waive its public reading.
14                DEFENDANT SATTAROV:  I waive the public reading.
15                THE COURT:  And how to you plead?
16                DEFENDANT SATTAROV:  Not guilty.
17                THE COURT:  All right.  Now, Mr. Yunusov, have you
18    seen a copy of the Indictment?
19                DEFENDANT YUNUSOV:  Yes.
20                THE COURT:  Have you discussed it with your attorney?
21                DEFENDANT YUNUSOV:  Yes.
22                THE COURT:  Would you like me to read it out loud, or
23    do you waive its public reading?
24                DEFENDANT YUNUSOV:  No, it is not necessary.
25                THE COURT:  And how do you plead to the charges?
```

```
                              Kcgdrasc
                                           Arraignment
 1              DEFENDANT YUNUSOV:  I'm not guilty.
 2              THE COURT:  And now Mr. Rahmankulov, have you seen a
 3    copy of the Indictment?
 4              DEENDANT RAHMANKULOV:  Yes, I saw it.
 5              THE COURT:  Have you discussed it with your attorney?
 6              DEENDANT RAHMANKULOV:  Yes, we did.
 7              THE COURT:  Would you like me to read it out loud, or
 8    do you waive its public reading?
 9              DEENDANT RAHMANKULOV:  You don't have to read it.
10              THE COURT:  OK.  And how do you plead?
11              DEENDANT RAHMANKULOV:  I'm not guilty.
12              THE COURT:  All right.  Did I get everybody?  Did I
13    ask Mr. Sobirov?
14              MR. BAXTER:  No, not yet.
15              THE COURT:  Mr. Sobirov, have you seen a copy of the
16    Indictment.
17              DEFENDANT SOBIROV:  Yes.  Yes.
18              THE COURT:  Have you discussed it with your attorney?
19              DEFENDANT SOBIROV:  Yes.
20              THE COURT:  Would you like me to read the Indictment
21    out loud, or do you waive its public reading?
22              DEFENDANT SOBIROV:  I waive the right.
23              THE COURT:  And how do you plead?
24              DEFENDANT SOBIROV:  Not guilty.
25              THE COURT:  OK.  All right.  Thank you.
```

            And now to the government, Ms. Vogel, what is the
status of discovery and what does it entail?
            MS. VOGEL:  Yes, your Honor.  This is Cecilia Vogel
speaking.
            So the discovery generally includes a large volume of
financial records, bank records, other Grand Jury subpoena
records related to the underlying healthcare fraud.  There are
also a number of recorded calls involving a confidential source
and an undercover and recorded meets as well as WhatsApp
communications as part of those operations with the
confidential source and undercover.  There were a number of
cell phones seized at the time of the arrest and so there are
those cell phones as well, as well as a number of agent
reports.  That is sort of generally the major categories of
discovery.
            Discovery has not yet been produced.  We've submitted
a proposed protective order to defense counsel, and I believe
we've either received that back from everyone or maybe have one
or two outstanding, and we'll submit that to your Honor
shortly.
            We ask to have until January 15th -- I know that is a
little ways off -- to produce discovery apart from the cell
phones, which may take longer than that, but we believe to
produce the recordings and the other materials I described,
that we can do that by the 15th, and, if possible, we will do

1  so on a rolling basis in order to produce some of these
2  materials before the 15th.  But the cell phones, just making
3  copies of that, in part given some of the limitations in terms
4  of staffing at SDI in our office because of COVID, it just is
5  taking -- it takes longer, and there is, I think, approximately
6  ten or more cell phones in this case.
7             THE COURT:  All right.  If the government were to
8  produce discovery by January 15th, what would defense counsel
9  propose in terms of next steps in this case?
10            (Pause)
11            I don't know if no one is speaking.  It is hard to
12 imagine no lawyer wants to speak.
13            Mr. Dayan.
14            MR. DAYAN:  Yes.  Thank you so much, Judge.
15            I suggest that you give us maybe, if possible, maybe
16 45 days to review it, and then, you know, just let the
17 discovery come in on a rolling basis from that point on.
18            THE COURT:  All right.  Does anyone -- does any
19 counsel object to adjourning this matter until the end of
20 February and meeting again then, and at that point in time we
21 can see where we are, hopefully schedule a trial date and a
22 motion schedule?  Is there any objection to that?
23            MR. SHARIFOV:  I don't have any objection, Judge.  No
24 objections.
25            UNIDENTIFIED SPEAKER:  No objections.

Kcgdrasc
Arraignment

1    MR. MULLEN:  No objection on behalf of Mr. Yunusov.
2    MR. BAXTER:  Nothing from the Defendant Sobirov as
3 well.
4    THE COURT:  All right.  So that's what we'll do.
5    Ms. Cavale, could you please propose a date at the end
6 of February when we could meet again?
7    THE CLERK:  Sure.  How is February 26th, 2021 at
8 2 o'clock?
9    THE COURT:  Does February 26th work for everyone.
10    MR. SHARIFOV:  That will work for me, your Honor.
11    THE COURT:  If you could just also state your names
12 when you are speaking?
13    MR. SHARIFOV:  Sure.  Rovshan Sharifov for
14 Mr. Rasulov, and February 26 is acceptable to me, your Honor.
15    MR. DAYAN:  February 26 for Albert Dayan is also
16 acceptable.
17    MR. MULLEN:  February 26 for Mr. Yunusov is also
18 acceptable.  This is Mike Mullen again, Judge.
19    MR. BAXTER:  This is Jason Baxter.  February 26 is
20 acceptable to me as well.
21    What was the time for it again?
22    THE CLERK:  2 o'clock.
23    MR. MULLEN:  Thank you.
24    MR. MURRAY:  This is Joseph Murray for
25 Mr. Rahmankulov.  February 26 is fine with us at 2 o'clock.

1              THE COURT:  All right.  Thank you.

2              Now, pursuant to Federal Rule of Criminal Procedure

3    5(f), I want to remind the government of its obligation, under

4    Brady v. Maryland and its progeny, to disclose to the defense

5    all information, admissible or not, that is favorable to the

6    defendants, material either to guilt or to punishment, and

7    known to the government.  The government must make good faith

8    efforts to disclose such information to the defense as soon as

9    reasonably possible after its existence becomes known to the

10   government.

11             I will enter a written order confirming the

12   government's Brady obligations following this proceeding that

13   also includes information about possible consequences for

14   failure to comply.

15             Ms. Vogel, can you confirm that you will indeed live

16   up to your obligations under the law?

17             MS. VOGEL:  Yes, your Honor.  I confirm that.

18             THE COURT:  All right.  Is the government seeking to

19   exclude time under the Speedy Trial Act until February 26th?

20             MS. VOGEL:  Yes, your Honor.

21             THE COURT:  Is there any objection?

22             (Pause)

23             MR. SHARIFOV:  Nothing from Mr. -- I think I speak for

24   the defendants at large.  There is no objection on behalf of

25   the defendants.

Kcgdrasc
                          Arraignment

1              UNIDENTIFIED SPEAKER:  No objection, Judge.

2              THE COURT:  I'm going to exclude time from today until

3    February 26 pursuant to 18 United States Code, Section

4    3161(h)(7)(A).  I find that the ends of justice served by

5    excluding such time outweigh the interest of the public and the

6    defendants in a speedy trial because it will allow time for the

7    production of discovery, which is more complicated in light of

8    the pandemic, allow counsel and defendants to review that

9    discovery, to consider any motions they would like to make, and

10   discuss any possible disposition of this case.

11             Are there any other applications at this time?

12             (Pause)

13             MS. VOGEL:  Not from the government, your Honor.

14             UNIDENTIFIED SPEAKER:  Not from the defense either.

15             UNIDENTIFIED SPEAKER:  Just as a condition of my

16   client's bail, in order to afford him the ability to work -- if

17   you prefer I will put this up in a letter, Judge -- he has a

18   CDL and would like to be able to go out of state to work as a

19   truck driver.  I did speak to Ms. Jackson, of Pretrial

20   Services, and she indicated as long as he has the ability to

21   travel throughout the continental United States but must check

22   with her before leaving the jurisdiction, if that's suitable

23   for the Court, and, also, he is an Uber driver as well.  I

24   would just ask that he be allowed, because they don't know

25   where the route will lead them, that if he is allowed to pick

1     up a route to go to either Jersey or Connecticut from New York,
2     if he picks up a route.  That is my only request, Judge.
3              THE COURT:  Is there any objection to that with
4     respect to Mr. Sobirov?
5              THE REPORTER:  Judge, I'm sorry.  This is the court
6     reporter.
7              May I know who just spoke?
8              THE COURT:  That was Mr. Baxter, Jason Baxter,
9     speaking on behalf of Mr. Sobirov.
10             MR. MURRAY:  Judge, I'm sorry.  This is Joseph Murray
11    on behalf of Djonibek Rahmankulov.  I'm sorry.
12             THE COURT:  Oh, I'm sorry.  I thought I saw Mr. Baxter
13    speaking but I clearly saw wrong, so I apologize for that.
14             Thank you, Mr. Murray.
15             MR. MURRAY:  That is my problem.  I'm sorry, Judge.
16             THE COURT:  OK.  So is there any objection on behalf
17    of the government?
18             MS. VOGEL:  Cecilia Vogel speaking.
19             No, no objection, your Honor.
20             THE COURT:  OK.  I do think it's preferable if you
21    just put that in a letter so that we have it on the docket,
22    Mr. Murray, so I would just ask you to do that.
23             MR. MURRAY:  Absolutely.  Thank you, your Honor.
24             THE COURT:  OK.
25             MR. MULLEN:  Judge, this is Michael Mullen for

1   Mr. Yunusov and I have a similar application, and I can also
2   put mine in writing as well, Judge.  My client also drives for
3   a medical transportation company -- Elite Management is the
4   name of it -- who at times makes requests that he travel to New
5   Jersey or upstate New York, and he has turned down those jobs
6   and it has sort of affected his ability to bring home money to
7   support himself.  He has also asked Pretrial Services as well,
8   and they said to direct the question to the Court, Judge.  So I
9   also have a similar request and I can also put mine in writing
10  and file it via ECF as well.
11            THE COURT:  Ms. Vogel, do you have an objection to
12  that?
13            MS. VOGEL:  Actually, your Honor, this is the first
14  time I'm hearing that request, so I would just appreciate -- I
15  don't anticipate having an objection, but I would appreciate an
16  opportunity before counsel submits his letter to speak with him
17  and speak with the supervising pretrial officer.
18            THE COURT:  If you could do that and please put the
19  government's position in the letter, assuming there is no
20  objection, I will approve that request as well.  But I do think
21  it should be in writing so we have it clearly on the docket.
22            MR. MULLEN:  Judge, my apologies to counsel.  I just
23  found out about the request today, so I didn't have an
24  opportunity to run it by her first.  But I will definitely
25  speak to her before I put my written request in, Judge.

Arraignment

1      THE COURT:  Thank you.

2      Any additional applications at this time?

3      MR. BAXTER:  Yes, your Honor.  This is Jason Baxter.

4  I am also going to have and application for a modification to

5  the conditions.  My client is requesting financing to make a

6  purchase, but I will also make that request in writing.

7      THE COURT:  OK.  And I am going to ask you to speak to

8  the government about that as well beforehand and then note the

9  government's position in the letter, please.

10      MR. BAXTER:  I will, your Honor.  Thank you.

11      THE COURT:  Anything else?

12      (Pause)

13      All right.  Well, thank you.  Stay safe, everybody,

14  and I'll see you in February.

15      ALL COUNSEL:  Thank you, Judge.

16      (Adjourned)